1

2 UNITED STATES DISTRICT COURT

3                EASTERN DISTRICT OF CALIFORNIA

4

5

6

7 TRADELL M. DIXON,                      Case No. 1:13 cv 00165 AWI GSA PC

8            Plaintiff,

9 vs.                              ORDER DISMISSING COMPLAINT AND
GRANTING PLAINTIFF LEAVE TO FILE

10 K. HARRINGTON, et al.,             AN AMENDED COMPLAINT

11            Defendants

12                               AMENDED COMPLAINT DUE
                              IN THIRTY DAYS

13

14 **I.**     <u>**Screening Requirement**</u>

15        Plaintiff is a former prisoner proceeding pro se and in forma pauperis in this civil

16 Rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local

17 Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

18        The Court is required to screen complaints brought by prisoners seeking relief against a

19 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

20 The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

21 legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

22 that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

23 § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

24 paid, the court shall dismiss the case at any time if the court determines that . . . the action or

25 appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

26 1915(e)(2)(B)(ii).

27

28                                   1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     <u>Plaintiff's Claims</u>

Plaintiff, a former state prisoner proceeding pro se, brings this civil rights action against correctional officials employed by the California Department of Corrections and Rehabilitation (CDCR). The events that give rise to this lawsuit occurred while Plaintiff was housed at Kern Valley State Prison. Plaintiff names the following individual defendants: Warden K. Harrington; Captain J. Garza; Correctional Counselor M. Armas; Does 1-10.[1]

Plaintiff alleges that in May, 2009, while at Kern Valley, he was summoned by Defendant Aramas. Plaintiff was informed that Doe 1 learned that Plaintiff had a known and documented enemy that recently arrived at Kern Valley. Aramas informed Plaintiff that, pursuant to regulations, the documented enemy must "be removed from the institution unless he agree to sign off on the enemy documentation." Plaintiff told Aramas that he feared for his life and safety. Instead of removing the enemy, Aramas housed the enemy on another yard at Kern Valley.

---

[1] Plaintiff is advised that the Court cannot order service on unidentified defendants. In order to effect service, Plaintiff must identify each Defendant by name.

2

On July 7, 2010, Plaintiff was attacked by that enemy.  Plaintiff suffered physical injury, including numerous lacerations to his face, torso and extremities.  Plaintiff alleges that "chunks of skin" were gouged from his knees and lower back.  Plaintiff continues to suffer from chronic and severe headaches, body aches and muscle pain.

Plaintiff alleges that after he was attacked, he was pepper-sprayed and handcuffed. Plaintiff was placed in a steel cage "in the scorching sun" for several hours.  Plaintiff was forced to walk over 100 yards across "intolerably hot" asphalt.  Plaintiff was not treated for any of his injuries.

Plaintiff alleges generally that Does 1 through 10 knew or had reason to know that Plaintiff would be attacked by his enemy, but were deliberately indifferent to Plaintiff's safety. Plaintiff also alleges that Aramas was personally aware that an attack was imminent and acted with disregard for Plaintiff's safety.   Plaintiff alleges that Captain Garza and Does 1 to 10 "created or increased the danger" he faced while giving Plaintiff a false sense of security by housing Plaintiff's enemy within the institution instead of transferring the enemy pursuant to regulations.

### A.      **Failure to Protect**

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  A prisoner seeking relief for an Eighth Amendment violation must show that the officials acted with deliberate indifference to the threat of serious harm or injury to an inmate. Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002).  "Deliberate indifference" has both subjective and objective components.  A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and . . . must also draw the inference."  Farmer, 511 U.S. at 837.  Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 847.

3

Here, Plaintiff fails to allege facts from which an inference could be drawn that any of the named defendants knew of a specific harm to Plaintiff and disregarded that harm.  Plaintiff concludes that defendants are liable because he was attacked by a known enemy.   The facts alleged indicate that on May of 2009, Defendants Aramas was aware of an enemy and placed the enemy on another yard.  On July 7, 2010, Plaintiff was attacked by the enemy.  Plaintiff does not indicate how or why the enemy had access to him, or how any of the defendants specifically caused the enemy to have access to Plaintiff.  A bare allegation that Aramas arranged to have the enemy housed on another yard and then Plaintiff was attacked a year later does state a claim for relief.  Plaintiff fails to allege any facts indicating that in July of 2010, Defendants intentionally engaged in conduct that put Plaintiff in danger.  The Ninth Circuit has held that inmates of opposite gangs placed in a cell with each other, with nothing more, fails to satisfy the Eighth Amendment's standard that prison official must be aware of a specific risk to an inmate. Labatad v. Corrections Corp. of America, 714 F.3d 1155 (9th 2013).   The facts alleged suggest that although Plaintiff did fear for his safety, there was no specific information that Defendants knew from which they could draw an inference that Plaintiff was faced with a risk of attack by his enemy, and that Defendants caused the enemy to have access to Plaintiff.   Plaintiff does not allege any facts indicating that there was some particular information that Defendants knew of and disregarded, causing injury to Plaintiff.

B.   **Denial of Medical Care**

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious.  See Id.  Second,

a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

Here, Plaintiff has sufficiently alleged facts that satisfy the first prong.  He has alleged facts indicating that he had a serious medical need that was disregarded.  Plaintiff fails, however, to allege facts that address the second prong.  Plaintiff may not state a claim by naming defendants and concluding that they were deliberately indifferent.  Plaintiff must allege facts indicating what each individual defendant knew of Plaintiff's condition and how each defendant acted with disregard to that condition.  Plaintiff may not simply allege that Defendants were deliberately indifferent.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).  Plaintiff has not specifically charged each defendant with conduct indicating that they knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff.  As noted, Plaintiff may not hold defendants liable simply by alleging a serious medical condition and then charge defendants with the vague allegation that they neglected her condition.  Plaintiff must allege facts indicating that each defendant was aware of a specific harm to Plaintiff, and acted with deliberate indifference to that harm.  Plaintiff has failed to do so here.

**III.    Conclusion and Order**

5

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The complaint should therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.   Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.   Plaintiff has failed to do so here.

The Court will provide Plaintiff with the  opportunity to file an amended complaint curing the deficiencies identified by the Court in this  order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he  may not change the nature of this suit by  adding new, unrelated claims in his amended  complaint.  George, 507 F.3d at 607 (no buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.      The Clerk's Office shall send to Plaintiff a complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.      Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.      If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 31, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE