IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADELL M. DIXON,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>M. ARMAS, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 1:13-cv-00165-DAD-EPG (PC)<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANT ARMAS'S MOTION TO DISMISS<br><br>(ECF NO. 21) |

　　　　Tradell Dixon ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's First Amended Complaint against defendant Armas for failure to protect and against defendants Flippo and Triesch for inadequate medical care. (ECF Nos. 9 & 18).

　　　　On November 18, 2016, defendant Armas filed a motion to dismiss (ECF No. 19), defendants Flippo and Triesch filed an answer (ECF No. 20), and all three defendants filed a motion to stay discovery pending resolution of defendant Armas's motion to dismiss (ECF No. 21). The motion to stay discovery pending resolution of defendant Armas's motion to dismiss is now before the Court.

　　　　The Court has briefly reviewed defendant Armas's motion to dismiss. As an initial matter, it only seeks dismissal of claims against defendant Armas and not the remaining defendants.

1  Thus, there is no basis for a stay as to defendants Flippo and Triesch.

2  As to defendant Armas, the Court notes that the motion to dismiss could dispose of the claims against that defendant. Nevertheless, in light of the time this case has been pending and the fact that the complaint has survived screening (albeit without the benefit of the motion to dismiss), the Court declines to stay the case entirely pending resolution of the motion.

The Court will issue an order requiring initial disclosures and setting an initial scheduling conference. The parties will be required to comply with the order requiring initial disclosures. All other discovery will be stayed at least until the initial scheduling conference. At the initial scheduling conference the Court will address whether, and to what extent, discovery should be opened as to defendant Armas. The Court deems this to be a proper balance of the need to move forward with pending litigation while minimizing the intrusion on parties who have an argument for dismissal on the pleadings.

Accordingly, it is ORDERED that Defendant's motion to stay discovery pending resolution of defendant Armas's motion to dismiss is GRANTED IN PART. Discovery will be stayed until the initial scheduling conference. However, both parties must comply with the order requiring initial disclosures.

IT IS SO ORDERED.

Dated:   **November 21, 2016**         /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE