IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADELL M. DIXON,<br><br>                                   Plaintiff,<br><br>        v.<br><br>M. ARMAS, et al.,<br><br>                                  Defendants. | Case No. 1:13-cv-00165-DAD-EPG (PC)<br><br>ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION TO DEFENDANT ARMAS'S MOTION TO DISMISS WITHIN THIRTY DAYS |

       Tradell Dixon ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On November 18, 2016, defendant M. Armas filed a motion to dismiss. (ECF No. 19). Plaintiff was required to file an opposition or a statement of non-opposition to the motion within twenty-one days (Local Rule 230(l)), but has not done so.

       Local Rule 230(l) provides that the failure to oppose a motion "may be deemed a waiver of any opposition to the granting of the motion…." The Court will deem any failure to oppose Defendant's motion to dismiss as a waiver, and recommend that the motion be granted on that basis.

       Failure to follow a district court's local rules is a proper grounds for dismissal. U.S. v. Warren, 601 F.2d 471, 474 (9th Cir. 1979). Thus, a Court may dismiss an action for a plaintiff's failure to oppose a motion to dismiss, where the applicable local rule determines that failure to

oppose a motion will be deemed a waiver of opposition. See Ghazali v. Moran, 46 F.3d 52 (9th Cir. 1995), cert. denied 516 U.S. 838 (1995) (dismissal upheld even where plaintiff contends he did not receive motion to dismiss, where plaintiff had adequate notice, pursuant to Fed. R. Civ. P. 5(b), and time to file opposition); cf. Heinemann v. Satterberg, 731 F.3d 914, 916 (9th Cir. 2013) (holding that a motion for summary judgment cannot be granted based on a failure to file opposition, regardless of any local rule to the contrary).

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days of the date of service of this order, Plaintiff shall file an opposition or statement of non-opposition to the motion to dismiss filed by Defendant M. Armas; and
2. If Plaintiff fails to comply with this order, the Court will deem the failure to respond as a waiver and may recommend that the motion to dismiss be granted on that basis.

IT IS SO ORDERED.

Dated:   **December 28, 2016**           /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE