UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADELL M. DIXON,<br><br>        Plaintiff,<br><br>   v.<br><br>M. ARMAS, et al.,<br><br>        Defendants. | 1:13-cv-00165-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT ARMAS'S MOTION TO DISMISS BE GRANTED<br><br>(ECF NO. 19)<br><br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

### I.  BACKGROUND

Tradell M. Dixon  ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  The case now proceeds on Plaintiff's First Amended Complaint ("FAC"), which was filed on January 14, 2015.  (ECF No. 9).

After screening Plaintiff's First Amended Complaint, the Court found that Plaintiff stated a cognizable claim against Defendant Armas for failure to protect Plaintiff and against Defendants Flippo and Triesch for inadequate medical care in violation of the Eighth Amendment, but stated no other cognizable claim.  (ECF Nos. 12, 15, & 18).

Unbeknownst to the Court upon screening, approximately two years before filing the instant case, Plaintiff filed a case on August 11, 2011, which was assigned to Magistrate Judge

Dennis L. Beck.[1]  Dixon v. Harrington, E.D. Cal. No. 1:11-cv-01323-DLB.  In that prior case, Plaintiff similarly alleged that he suffered injuries stemming from an altercation with another inmate on July 7, 2010, which was the result of Defendant Doe #1's failure to protect Plaintiff. Dixon v. Harrington, E.D. Cal. No. 1:11-cv-01323-DLB, ECF No. 1.  On January 2, 2013, Judge Beck dismissed the case with prejudice for failure to state a claim.  Dixon v. Harrington, E.D. Cal. No. 1:11-cv-01323-DLB, ECF No. 12.  Less than a month after the dismissal, Plaintiff filed the instant case.  (ECF No. 1).  As discussed more below, although Defendant Armas was not identified at that time only as Defendant Doe #1, the prior complaint concerns the same incident, defendant and claims.

In the case now before the Court, on November 18, 2016, Defendant Armas filed a Rule 12(b)(6) motion to dismiss, arguing that Plaintiff's claim against Defendant Armas is barred by the doctrines of claim preclusion and judicial estoppel.  (ECF No. 19-1, p. 1).  On March 7, 2017, Plaintiff filed his opposition to the motion to dismiss.  (ECF No. 39).  On March 14, 2017, Defendant Armas filed his reply to Plaintiff's opposition to the motion to dismiss.  (ECF No. 40).

Because the Court finds that Plaintiff's claim against Defendant Armas is barred by the doctrine of claim preclusion, the Court recommends granting Defendant Armas's motion to dismiss.

## II. PLAINTIFF'S COMPLAINTS

### A. Plaintiff's First Amended Complaint in the Present Case

Plaintiff was an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at Kern Valley State Prison ("KVSP").  Plaintiff's allegations stem from conduct that occurred while Plaintiff was incarcerated at KVSP.  Plaintiff names as

---

[1] The relevant pleadings in the case before Judge Beck were submitted in a request for judicial notice by Defendant Armas.  (ECF No. 19-2).  "Fed. R. Evid. 201(b)(2) permits judicial notice of a fact that is 'not subject to reasonable dispute in that it is ... (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'  In particular, a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."  United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).  This Court will take judicial notice of the relevant pleadings in the case before Judge Beck.

defendants Mauro Armas, a correctional counselor at KVSP; Elizabeth S. Flippo, a correctional officer at KVSP; and Carleen M. Triesch, a supervising registered nurse at KVSP. Plaintiff's factual allegations in his First Amended Complaint are as follows:

In May of 2009, a known and documented enemy of Plaintiff, referred to as Inmate Slack, was transferred to KVSP. The prison's unit classification committee assembled and identified Inmate Slack ("Slack") as an enemy of the Plaintiff. (First Amended Complaint, ECF No. 9, ¶ 13).

According to Plaintiff, documented enemies must be removed from the institution unless the inmate previously in the institution agrees to sign off on enemy documentation. Defendant Armas contacted Plaintiff and asked him to sign off on enemy documentation but Plaintiff refused, explaining to Defendant Armas that he feared for his life and safety. (Id. ¶ 14). Plaintiff received a note from Slack stating "we are gonna go heads up . . . stop dodging me . . . when I catch ya I'm gonna lay your ass out on the yard." (Id). Plaintiff handed this note to Defendant Armas who responded that "he's 'an inmate, you deal with it.'" (Id). When Plaintiff again refused to sign off on the enemy documentation, Armas told Plaintiff "go lock it up to your cell!" (Id. ¶ 16).

Defendant Armas housed the enemy at the same institution as Plaintiff. Armas falsely told Plaintiff that Slack would be transferred out of the institution, but in fact did not do so.

According to the FAC, Slack subsequently attacked Plaintiff. Following the attack, Plaintiff was pepper-sprayed by prison officials, placed in a cage, and then escorted across the yard on "scorching hot asphalt while barefoot." (Id. ¶ 20.)

The undersigned judge issued Findings and Recommendations that the action proceed only against Defendant Armas for failure to protect and against defendants Flippo and Triesch for inadequate medical care, under the Eighth Amendment. (ECF No. 15, pg. 2). On September 19, 2016, the District Court adopted the findings and recommendations issued on July 25, 2016, in full. (ECF No. 18, pg. 2).

\\\

\\\

### B.     Plaintiff's Prior Complaint

Before filing the instant case, Plaintiff filed a complaint in the Eastern District of California that was assigned to Magistrate Judge Dennis L. Beck. Dixon v. Harrington, E.D. Cal. No. 1:11-cv-01323-DLB, ECF No. 1. Plaintiff alleged in that case that, in May 2009, he was housed at KVSP, Facility D, where he was called into the office by correctional counselor (Defendant Doe 1) to discuss that a known enemy of Plaintiff (Inmate Slack) was housed at KVSP. Plaintiff alleges that he was asked by Defendant Doe 1 to sign what was known as a "marriage chrono," which by signing would indicate that Plaintiff was no longer an enemy of Inmate Slack. Plaintiff refused to sign the "marriage chrono" and declared to Defendant Doe 1 that he "feared for his life in respect to Inmate Slack's presence at the facility." 1:11-cv-01323-DLB, ECF No. 10, p. 5. On July 7, 2010, following Plaintiff's refusal to sign the "marriage chrono," Plaintiff was attacked by Inmate Slack.

Prior to the dismissal of the 2011 action, Plaintiff's initial complaint was dismissed for failure to state a claim with leave to amend on September 6, 2012. 1:11-cv-01323-DLB, ECF No. 9. Plaintiff filed a first amended complaint on September 24, 2012, but again failed to state a cognizable claim upon which relief could be granted. 1:11-cv-01323-DLB, ECF No. 10. The action was dismissed with prejudice on January 2, 2013. 1:11-cv-01323-DLB, ECF No. 12.

### III.    DEFENDANT ARMAS'S MOTION TO DISMISS

#### A.     **Legal Standards for Motions to Dismiss**

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the alleged facts in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). In addition, *pro se* pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

**B.     Legal Standards for *Res Judicata***

The doctrine of claim preclusion bars the re-litigation of claims previously decided on their merits. Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 (9th Cir. 2005).[2] "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)). "The elements necessary to establish *res judicata* are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" Headwaters, Inc., 399 F.3d at 1052 (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.2d 1064, 1077 (9th Cir. 2003)). "[T]he doctrine of *res judicata* (or claim preclusion) 'bars all grounds for recovery which *could have been* asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action.'" Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting Ross v. IBEW, 634 F.2d 453, 457 (9th Cir. 1980) (emphasis added).

When determining, for claim preclusion purposes, whether the present dispute concerns the same claims as prior litigation, the Ninth Circuit considers: "(1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important." Headwaters, Inc., 399 F.3d at 1052 (quoting Costantini, 681 F.2d at 1201-02) (alterations in original).

The related doctrine of collateral estoppel, or issue preclusion, provides that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." U.S. v. Bhatia, 545 F.3d 757, 759 (9th Cir. 2008) (quoting Ashe v. Swenson, 397 U.S. 436, 443 (1970)).

---

[2] The terms "claim preclusion" and "issue preclusion" are collectively referred to as "res judicata." Taylor v. Sturgell, 553 U.S. 880, 892 (2008).


Case 1:13-cv-00165-DAD-EPG   Document 41   Filed 03/31/17   Page 6 of 12

Both doctrines apply to criminal and civil proceedings, and both require privity between the parties.  Bhatia, 545 F.3d at 759 (citing U.S. v. Cejas, 817 F.2d 595, 598 (9th Cir. 1987) and see In re Schimmels, 127 F.3d at 881 (noting that, under *res judicata*, "parties or their privies" may be bound by a prior judgment); United States v. ITT Rayonier, Inc., 627 F.2d 996, 1000 (9th Cir. 1980) (requiring identity or privity between parties for collateral estoppel to apply)).

A defendant relying on claim preclusion or issue preclusion as a defense must plead it as an affirmative defense.  Blonder-Tongue Laboratories, Inc. v. University of Ill. Found., 402 U.S. 313, 350 (1971).  However, "if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised," Arizona v. California, 530 U.S. 392, 412 (2000) (quoting United States v. Sioux Nation, 448 U.S. 371, 432 (1980) (REHNQUIST, J., dissenting)), provided that the parties have an opportunity to be heard prior to dismissal, see Headwaters, Inc., 399 F.3d at 1055.  "As a general matter, a court may, *sua sponte*, dismiss a case on preclusion grounds 'where the records of that court show that a previous action covering the same subject matter *and parties* had been dismissed.'"  Id. at 1054 (quoting Evarts v. W. Metal Finishing Co., 253 F.2d 637, 639 n. 1 (9th Cir. 1958)).

**C.**  **Analysis**

Under the first element of claim preclusion, the Court must determine whether there is an identity of claim(s) between this suit and the previous suit.  The claim against Defendant Armas in the present action appears to be substantially identical to the claim brought in the previously dismissed case.  Plaintiff alleges in both cases that he was denied the right of security and protection, and that the correctional counselor was deliberately indifferent, failing to ensure Plaintiff's security, safety, and to prevent inmate violence and harm. (ECF No. 9, p. 3; ECF No. 19-2, pgs. 11-12).  In both cases Plaintiff alleges he met with a correctional counselor in May 2009 to discuss a known enemy being housed at KVSP. (ECF No. 9, pg. 4; ECF No. 19-2, pg 73).  In both cases Plaintiff discusses his refusal to sign a withdrawal of enemy status during the May 2009 meeting. (ECF No. 9, pg. 4; ECF No. 19-2, pg 73).  In both cases Plaintiff expresses that he declared to the correctional counselor that he feared for his life

and safety with respect to Inmate Slack. (ECF No. 9, pg. 5; ECF No. 19-2, pg 73). Plaintiff alleges he was asked by that correctional counselor sign what was known as a "marriage chrono" (in the 2011 case), or to withdraw the enemy status (in the instant case). Signing the "marriage chrono"/withdrawing the enemy status would indicate that Plaintiff was no longer an enemy of Inmate Slack. (ECF No. 9, pgs. 4-5; ECF No. 19-2, pgs. 8-9). In both cases, Plaintiff explains that he declined to sign the "marriage chrono"/withdraw the enemy status, and was later attacked by Inmate Slack. These facts sufficiently establish that Plaintiff has raised a claim in this case identical to the claim that he brought in the 2011 case.

The main difference between the cases is that the correctional officer was identified as Doe Defendant #1 in the first case, and as Defendant Armas in the instant case. However, it is undisputed that Defendant Armas is the person previously identified as Doe Defendant #1. The facts regarding the interactions in both cases and the nature of the claim are identical. Defendant explained in its motion to dismiss that Defendant Armas was the same as Doe Defendant #1, and Plaintiff did not contest this in his opposition. (ECF No. 39) Plaintiff also admitted that the two were the same at the Court's March 1, 2017 scheduling conference. Thus, although Defendant Armas was not identified by name, the claim concerning Defendant Armas in this case is the same as the prior case.

Under the second element of claim preclusion, the Court must determine whether there was a final judgment on the merits in the previous case. Final judgment was entered in the previous case after it was dismissed for failure to state a claim upon which relief could be granted. (ECF 19-2, pgs. 136-148). The Court has reviewed the dismissal order in the 2011 case and finds that it constituted final judgment of the asserted claims. Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002) ("Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a "judgment on the merits" to which res judicata applies.") (internal citations omitted.) "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal citations omitted). See also Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir.2000)

("This standard, derived from Rule 12(b)(6), also applies to the dismissal of claims under § 1915A.)

Finally, the Court must determine whether there is identity or privity between parties. Both complaints were filed by the same plaintiff, Tradell M. Dixon. Furthermore, as described above, Plaintiff fails to contest Defendant's assertion that based on the nearly identical facts alleged in both the instant and 2011 case, that he, Defendant Armas, is Doe Defendant No. 1 from the 2011 case. (ECF No. 19-1, pg. 1).

Because Defendant Armas was the defendant in both cases, and because the claim in both cases arose out of the allegation that Plaintiff was denied security and protection by Doe Defendant No. 1/Defendant Armas, Defendant Armas's interest in the litigation is identical in both cases. Headwaters Inc., 399 F.3d at 1052-53 ("Privity . . . is a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'") (quoting In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997)).

Plaintiff asserts that because Defendant Armas was not actually named as a defendant in the 2011 case, that any rights Defendant Armas may have from the 2011 case are non-existent. (ECF No. 39, pg. 6-7). Plaintiff quotes out-of-context Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1121 (9th Cir. 2013), that "substitution of an appropriate defendant would render the claim cognizable." (ECF No. 39, p. 7.)   However, in Hartmann, the district court dismissed ten defendants without leave to amend, and also "dismissed with leave to amend plaintiff's Establishment Clause claim because substitution of an appropriate defendant would render the claim cognizable." (internal quotations omitted). Hartmann, 707 F.3d at 1121. Hartmann is distinguishable from this case because it involved a plaintiff seeking leave to amend an active, ongoing case. In the instant case, Plaintiff is attempting to relitigate a claim that was decided on its merits in a previous case. Plaintiff's assertion that substitution of an appropriate defendant would render a claim cognizable is correct, however, not when a claim has been previously dismissed with prejudice. Moreover, the original case was not dismissed based on a failure to identify the proper defendant—it was dismissed because the

8

facts alleged against that defendant failed to state a claim.  Naming the Doe Defendant does not cure the reason for the earlier dismissal.

Plaintiff also asserts that in the instant case "the complaint was deemed to have clearly stated cognizable grounds upon which relief could be granted against Defendant MAURO ARMAS…." (ECF No. 39, p. 3).  However, the Court was not aware of Plaintiff's 2011 case when it screened the FAC.  The Findings and Recommendations recommending the case proceed against Defendants Armas, Flippo and Triesch were entered on July 25, 2016.  (ECF No. 15).  It was not until November 18, 2016, when Defendant Armas filed his motion to dismiss (ECF No. 19), that the Court was made aware that Plaintiff is attempting to relitigate a claim previously litigated and decided on the merits.

To the extent Plaintiff is arguing that *res judicata* does not apply because this Court found cognizable claims, whereas the prior Court did not, such an argument does not bar application of *res judicata*.  Once one Court has dismissed a case on its merits, a Plaintiff is not entitled to refile the case in order to convince another court to hold differently.  That said, the difference in the courts' rulings stem from Plaintiff changing asserting a different date for the attack by Inmate Slack to one that appears to be incorrect.  Specifically, in his original complaint in this case, filed on January 28, 2013, Plaintiff claimed he was attacked by Inmate Slack on July 7, 2010.  (ECF No. 1, pg. 5). The initial screening order in this case found no cognizable claim based in part on the significant amount of time between Plaintiff's meeting with the correctional officer in May 2009 and the July 7, 2010 attack.  (ECF No. 6).  In other words, the initial screening order in this case was the same as the Court's ruling in the predecessor court—that Plaintiff failed to state a claim against the correctional officer/Defendant Armas.

Plaintiff then filed an amended complaint in this case, which among other things changed the date of Inmate Slack's attack from July 7, 2010 to July 10, 2009.  (ECF No 9, at p. 6).  The Court screened the complaint and allowed the claim to proceed against Defendant Armas in large part based on the change in date, explaining "the amended pleading includes a different date for the attack by inmate Slack. Whereas Plaintiff's initial complaint stated that he

was attacked on July 7, 2010, (ECF No. 1, at p. 5), Plaintiff's amended complaint states that he was attacked on July 7, 2009, (ECF No. 9, at p. 6). This change of date is relevant to the conclusion that Plaintiff states a claim because it makes Defendant Aramas' actions, or inaction, in May 2009 far more relevant to Plaintiff's injury. The Court's order pertains to Plaintiff's amended complaint, but the Court questions why the date has changed between iterations of the complaint and notes that there may be a relevant factual issue to resolve that may affect this case going forward."  (ECF No. 12, at p.6).

Based on exhibits attached to Plaintiff's opposition to the motion to dismiss, it appears that the true the date of the attack is July 7, 2010. That is the date described in the Rules Violation report (ECF No. 39, at p. 32); as well as the "Medical Report of Injury and Unusual Occurrence."  (ECF No. 39, at p. 36).   Thus, it appears that to the extent this Court differed in its conclusion upon screening Plaintiff's allegations against Defendant Armas, that difference was due to Plaintiff asserting a new and false date for the incident in question.

The Court notes that a new complaint is not the appropriate vehicle to challenge a decision in a prior case. Watts v. Pinckney, 752 F.2d 406, 410 (9th Cir. 1985) ("Res judicata does not preclude a litigant from making a direct attack [under Rule 60(b)] upon the judgment before the court which rendered it.") (quoting Jordan v. Gilligan, 500 F.2d 701, 710 (6th Cir. 1974)) (alteration in original)).   Plaintiff signed the original complaint in the instant action on January 22, 2013, which was later filed on January 28, 2013, just a few weeks after the dismissal of the 2011 case.  (ECF No. 1, pp.11-12).  If Plaintiff did obtain Defendant Armas's name and additional information regarding the incident after the dismissal of the 2011 case, Plaintiff should have asked for reconsideration of the order dismissing the case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure instead of filing a new case alleging the same claim.

Finally, Plaintiff asserts that Defendant Armas's motion to dismiss should be denied because the doctrine of *res judicata*/claim preclusion must be raised as an affirmative defense. (ECF No. 39, pgs. 9-10).   Plaintiff is correct that ordinarily affirmative defenses may not be raised by a motion to dismiss. C. Wright & A. Miller, Federal Practice and Procedure, § 1277,

at 328-30. However, this is not true when the defense raises no issue of material fact. Id. at 332; U.S. v. Sioux Nation of Indians, 448 U.S. 371, 432 (1980). "If a court is on notice that is has previously decided the issue presented, the court may dismiss the action *sua sponte,* even though the defense has not been raised." (Id.). This result protects a defendant from having to twice defend a suit, and also avoids unnecessary judicial waste. (Id.)

Based on this analysis, the Court finds that the doctrine of claim preclusion prohibits the re-litigation of Plaintiff's claim against Defendant Armas in the present case, because the claim was previously decided on its merits in Plaintiff's previous case. Accordingly, Defendant Armas should be dismissed from the action, with prejudice.[3]

### IV.   CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's claim against Defendant Armas is barred by the doctrine of claim preclusion.

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant Armas's Rule 12(b)(6) motion to dismiss be GRANTED and that Defendant Armas be dismissed from the action, with prejudice.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **twenty-one (21) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after service of the objections.

\\\
\\\
\\\
\\\

---

[3] Given the Court's ruling, it need not evaluate Defendant Armas's judicial estoppel argument.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 30, 2017**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE