| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | UNITED STATES DISTRICT COURT |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA |

| | | |
|---|---|---|
| TRADELL M. DIXON, | | No. 1:13-cv-00165-DAD-EPG |
| | Plaintiff, | |
| v. | | ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS, AND DENYING DEFENDANT ARMAS'S MOTION TO DISMISS |
| M. ARMAS et al., | | |
| | Defendants. | (Doc. Nos. 19, 41) |

Plaintiff Tradell Dixon is a former prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On November 18, 2016, defendant Mauro Armas filed a motion to dismiss plaintiff's claim against him, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the claim is barred by the doctrines of claim preclusion and judicial estoppel. (Doc. No. 19.) On March 31, 2017, the assigned magistrate judge entered findings and recommendations, recommending that the motion to dismiss be granted and that defendant Armas be dismissed from this action, with prejudice, on claim preclusion grounds. (Doc. No. 41.) On April 21, 2017, plaintiff filed his objections. (Doc. No. 42.)

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, and for the reasons set forth below, the court declines to adopt the March 31, 2017 findings and recommendations.

**BACKGROUND**

This case now proceeds on plaintiff's first amended complaint, which was filed on January 14, 2015. (*See* Doc. No. 9.) On July 25, 2016, the court screened the first amended complaint and found that plaintiff had stated a cognizable claim against defendant Armas for failure to protect plaintiff, and against defendants Flippo and Triesch for providing plaintiff inadequate medical care in violation of the Eighth Amendment. (*See* Doc. Nos. 15, 18.)

As the magistrate judge correctly pointed out in the March 31, 2017 findings and recommendations, plaintiff Dixon previously filed a complaint in a separate action in which he alleged underlying facts similar to those alleged in the instant case. *See* First Amended Complaint, *Dixon v. Garza* (*Dixon I*), No. 1:11-cv-01323-DLB (Sep. 24, 2012), ECF No. 10. In *Dixon I*, plaintiff alleged an Eighth Amendment failure-to-protect claim against defendant "Doe 1," a correctional counselor at Kern Valley State Prison ("KVSP"), based on events that began in May 2009. *See id.* at 5–7. On January 2, 2013, the court in *Dixon I* dismissed plaintiff's claims, including his claim against defendant "Doe 1," with prejudice. *See Dixon I*, No. 1:11-cv-01323-DLB (Jan. 2, 2013), ECF No. 12.

In the case now before this court, plaintiff again alleges an Eighth Amendment failure-to-protect claim based on substantially similar alleged events—this time explicitly naming as the defendant correctional counselor Armas at KVSP. (*See* Doc. No. 9 ¶¶ 13–14, 16, 20; *see also* Doc. No. 41 at 2–4.) After reviewing plaintiff's first amended complaint and the record in the *Dixon I* proceedings, the magistrate judge in this case concluded that plaintiff now brings the same failure-to-protect claim against the same defendant as he did in *Dixon I*, and that the court's dismissal of plaintiff's claim in *Dixon I* constituted a final judgment on the merits with respect to that claim. (*See* Doc. No. 41 at 6–8.)

/////

**DISCUSSION**

**A.  Claim Preclusion**

As the magistrate judge also correctly noted, the elements necessary to establish *res judicata*, or claim preclusion, are: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (citations and internal quotations omitted). "Privity . . . is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *Id.* at 1052–53 (citations and internal quotations omitted).

In the present case, the court declines to adopt the March 31, 2017 findings and recommendations because it cannot conclude precisely that defendant Armas is in privity with defendant "Doe 1" who was named in *Dixon I*, for purposes of claim preclusion as is required. As one federal court of appeals has explained:

> A party to a cause of action is a person who is both named as a party and subjected to the court's jurisdiction. Restatement (Second) of Judgments § 34, at 345 (1982). A person named as a party can subject himself to the court's jurisdiction either by voluntarily appearing in court or by being brought under the court's authority through valid service of process. *E.B. Elliot Advance Co. v. Metropolitan Dade County*, 425 F.2d 1141, 1148 (5th Cir. 1978). Only a party is bound by or entitled to the benefits of the rules of res judicata. Restatement (Second) of Judgments § 34(3), at 345 (1982). These principles apply with equal force to persons fictitiously named. *Id.* comment d. As comment d to section 34 of the Restatement states, "[t]he only question with respect to individuals [fictitiously named] is whether the summons and complaint or other notice of the proceedings is a reasonable apprisal that the action concerns him." Therefore, the mere naming of a person through use of a fictitious name does not make that person a party absent voluntary appearance or proper service of process. *See Hart v. Yamaha-Parts Distribs., Co.*, 787 F.2d 1468, 1471 (11th Cir. 1986).

*Nagle v. Lee*, 807 F.2d 435, 440 (5th Cir. 1987); *accord Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 556 (9th Cir. 2003); *Hanna v. Mariposa Cty. Sheriff Dep't*, No. 1:12-cv-00501-AWI-SAB, 2014 WL 2547836, at *4 (E.D. Cal. June 5, 2014), *report and recommendation adopted*, 2014 WL 3615779 (E.D. Cal. July 22, 2014); *see also Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (holding that one not made a party by service of process

cannot be bound by the judgment in that case).

As the record in *Dixon I* indicates, plaintiff's operative complaint never proceeded past the screening stage before it was dismissed and judgment was entered. *See Dixon I*, No. 1:11-cv-01323-DLB (Jan. 2, 2013), ECF Nos. 12–13. There is no evidence that service of process was authorized by the court or otherwise effectuated on any of the defendants in that case. Nor is there evidence that any defendant party voluntarily appeared in that action. Accordingly, neither the fictitiously named defendant "Doe 1" nor defendant Armas was ever made a party to the *Dixon I* case. Because neither defendant Armas nor a privy was subjected to the court's judgment in *Dixon I*, defendant Armas cannot now claim the benefit of claim preclusion based on the court's ruling in *Dixon I*. *See, e.g.*, *Nagle*, 807 F.2d at 440 (holding that where "John Doe" and "John Smith" were not served and did not appear in the first action, named defendants in a second action were not entitled to application of res judicata); *Hanna*, 2014 WL 2547836, at *4–6 (holding that defendant officers are not bound by prior judgment when they were referred to by fictitious names and never served in the prior proceedings). Accordingly, defendant Armas's motion to dismiss on the basis of res judicata or claim preclusion must be denied.

**B.     Judicial Estoppel**

In moving to dismiss, defendant Armas also argues that plaintiff should be judicially estopped from asserting his failure-to-protect claim against him. (*See* Doc. No. 19-1 at 8–10.) The findings and recommendations did not address this argument in light of the conclusion reached therein regarding claim preclusion. (Doc. No. 41 at 11 n.3.) Accordingly, the court now briefly addresses that argument.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). In moving to dismiss, defendant Armas argues that the first amended complaint filed by plaintiff in this case omits or changes at least two sets of key facts related to plaintiff's failure-to-protect claim. First, defendant points out that plaintiff alleges in his first amended complaint that he was attacked by fellow inmate Slack on July 7, 2009—nearly two months after Slack was

4

transferred to KVSP—despite having previously alleged that inmate Slack attacked him on July 7, 2010, in both *Dixon I* and in plaintiff's original complaint filed in this case. Second, defendant argues that plaintiff omits from his first amended complaint in this action an allegation he made in *Dixon I* that defendant "Doe 1" ultimately transferred inmate Slack to a separate facility within KVSP upon being notified of plaintiff's concerns.

Based on the record before it, the court cannot conclude that plaintiff should now be judicially estopped from proceeding with respect to his failure-to-protect claim against defendant Armas. In screening plaintiff's several prior pleadings in both cases, the court assessed whether the allegations in each of those pleadings, taken as true, supported cognizable claims. In this case, the magistrate judge determined that based on the facts as alleged in plaintiff's first amended complaint, plaintiff has stated a cognizable Eighth Amendment claim against defendant Armas. (Doc. No. 12 at 4–6.) The magistrate judge did so despite recognizing the discrepancy between the alleged dates of the attack on plaintiff by inmate Slack. (*See id.* at 6) ("[T]he Court questions why the date has changed between iterations of the complaint and notes that there may be a relevant factual issue to resolve that may affect this case going forward."). While these factual differences in plaintiff's allegations may very well be central to the ultimate disposition of his claim in this case, the court does not have an adequate basis upon which to ascribe any ulterior motive to plaintiff at this point in the litigation.[1] Accordingly, defendant Armas' motion to dismiss on judicial estoppel grounds will also be denied.

**CONCLUSION**

For the reasons stated above:

1. The court declines to adopt the March 31, 2017 findings and recommendations (Doc. No. 41);
2. Defendant Armas's motion to dismiss (Doc No. 19) is denied; and

---

[1] Were it to be determined that the evidence proves that the allegations of plaintiff's first amended complaint are false or intentionally misleading with respect to the date of the alleged attack and defendant's conduct in reassigning plaintiff to different housing, counsel for defendant Armas is certainly free to file an appropriate motions, including one for sanctions under Rule 11, at that time.

3. This case is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **September 28, 2017**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE