UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADELL M. DIXON,<br><br>    Plaintiff,<br><br>  v.<br><br>M. ARMAS, et al.,<br><br>    Defendants. | Case No. 1:13-cv-00165-DAD-EPG (PC)<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL<br><br>(ECF NO. 51) |

## I. BACKGROUND

Tradell M. Dixon ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. The case now proceeds on Plaintiff's First Amended Complaint ("FAC"), which was filed on January 14, 2015. (ECF No. 9). After screening Plaintiff's First Amended Complaint, the Court found that Plaintiff stated a cognizable claim against Defendant Armas for failure to protect Plaintiff and against Defendants Flippo and Triesch for inadequate medical care in violation of the Eighth Amendment, but stated no other cognizable claim. (ECF Nos. 12, 15, & 18).

On September 22, 2017, defendant Flippo filed a motion to compel Plaintiff's discovery responses. (ECF No. 51). Plaintiff did not file an opposition to the motion.

1

Defendant Flippo's motion to compel is now before the Court.

## II. APPLICABLE LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Furthermore, discoverable information "need not be admissible in evidence." Id.

Under Federal Rule of Civil Procedure 34(a), any party may serve on any other party a request within the scope of Federal Rule of Civil Procedure 26(b) to produce and permit the party making the request to inspect and copy any designated documents which are in the possession, custody, or control of the party upon whom the request is served. Fed. R. Civ. P. 34(a)(1)(A). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D. Nev. 1998) (alteration in original) (quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D. Nev. 1991)). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 81 F.R.D. at 472. Under Federal Rule of Civil Procedure 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2).

Pursuant to Federal Rule of Civil Procedure 33(a), an interrogatory may relate to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b), and "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact…." Fed. R. Civ. P. 33(a)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath," Fed. R. Civ. P. 33(b)(3). If a responding party does object, "[t]he grounds for objecting… must be stated with specificity." Fed. R. Civ. P. 33(b)(4). "The responding party shall use common sense and reason in its responses…." Johnson v. Cate, No. 1:10-CV-02348-LJO, 2014 WL 1419816, at *2

(E.D. Cal. Apr. 14, 2014). A party answering interrogatories "cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control." Essex Builders Group, Inc. v. Amerisure Insurance Co., 230 F.R.D. 682, 685 (M.D. Fla. 2005) (quoting Continental Illinois Nat'l Bank & Trust Co. v. Caton, 136 F.R.D. 682, 684 (D.Kan.1991)). "In general, a responding party is not required 'to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made.'" Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013) (quoting Haney v. Saldana, No. 1:04-CV-05935AWI SMS, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010)). "If a party cannot furnish details, he should say so under oath, say why and set forth the efforts he used to obtain the information. He cannot plead ignorance to information that is from sources within his control." Milner v. Nat'l Sch. of Health Tech., 73 F.R.D. 628, 632 (E.D. Pa. 1977). "However, where the answer states that no record exists, the court cannot compel the impossible. Therefore, a sworn answer indicating a lack of knowledge and no means of obtaining knowledge is not objectionable." Id. at 632-33 (internal citations omitted). The responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response…." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

\\\
\\\

## III. DEFENDANT'S MOTION TO COMPEL

Defendant Flippo "moves for (1) an order compelling Dixon to serve further responses to her second set of interrogatories; (2) an order compelling Dixon to serve further responses to her second set of requests for production of documents and to produce all responsive documents; and (3) an order extending Defendants' time to [obtain] records from one or more automobile insurance carriers, to be identified in Dixon's further responses, by forty-five days after the further responses are served." (ECF No. 51, p. 1).

Accord to defendant Flippo, Plaintiff was rear-ended shortly after his release from prison. (ECF No. 51-1, p. 1). "He received medical care and participated in physical therapy for back pain that, at the time, he attributed to the accident. His medical records omit any reference to the prison fight…. Dixon also stated at his deposition that he pursued an insurance claim, that he received repairs to his car, and he received monetary compensation for damages relating to his back. After learning about this, Defendant Flippo served a second set of interrogatories and requests for production of documents to Dixon for information about his accident and automobile insurance carrier. The requested information is relevant to the cause of Dixon's injuries and the extent of his damages." (Id. at 1-2).

In defendant Flippo's interrogatory number two, she "sought the name and address of the insurance company, the insurance policy number, and the claim number for each vehicle in the motor vehicle accident on October 25, 2013. (Goodwin Decl. Ex. B.) Dixon objected on relevance grounds and essentially stated that he did not possess any responsive information. (Goodwin Decl. Ex. D.)." (ECF No. 51-1, p. 4).

"Flippo's first, second, and third production requests [in her second request for production of documents] also sought records arising from the automobile accident on October 25, 2013, including all traffic collision reports, photos, and communications with Dixon's motor vehicle insurers. (Goodwin Decl. Ex. C.) Dixon generally objected on relevance grounds and stated that he did not have any responsive documents. (Goodwin Decl. Ex. E.)." (ECF No. 51-1, p. 4).

According to defendant Flippo, because Plaintiff does not have any responsive documents relating to the automobile accident, Defendants must subpoena the information from Plaintiff's

insurance carrier and the other party's insurance carrier. (Id. at 5). "However, Defendants cannot subpoena this information without identifying information." (Id.).

Finally, "Defendants request another forty-five days, following Dixon's service of the responsive information, in order to subpoena information from the automobile insurance carriers involved in Dixon's accident." (Id.).

## IV. ANALYSIS

The Court will grant the motion to compel in part. The Court will order Plaintiff to further respond to defendant Flippo's interrogatory number two and produce the documents requested in defendant Flippo's first, second, and third production requests, to the extent that he is able.

Plaintiff has not opposed defendant Flippo's motion to compel. "Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion…." Local Rule 230(l).

Moreover, the Court finds that defendant Flippo is requesting relevant information and documents. Additionally, the burden and expense of answering the interrogatory and producing the requested documents seems minimal.

Plaintiff obviously cannot provide information or documents that he does not possess. However, as to the production requests, even if Plaintiff does not currently possess responsive documents, it appears that Plaintiff has a legal right to request some (if not all) of the documents that have been requested. As to the interrogatory, even if Plaintiff cannot answer because he does not know the relevant information, he should have said so under oath, and he should have set forth the efforts used to obtain the information.

Accordingly, the Court will order Plaintiff to make a further response to defendant Flippo's interrogatory number two and produce the documents requested in defendant Flippo's first, second, and third production requests in her second request for production of documents, to the extent that he is able. To the extent that Plaintiff is unable to answer the interrogatory or produce documents, Plaintiff shall provide defendant Flippo with a declaration, signed under penalty of perjury, detailing his efforts to obtain the requested information and documents.

As to the request for "another forty-five days, following Dixon's service of the responsive information, in order to subpoena information from the automobile insurance carriers involved in Dixon's accident" (ECF No. 51-1, p. 4), this request will be denied as moot. The Court already extended the discovery deadlines. (ECF No. 58).

V. **ORDER**

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant Flippo's motion to compel is GRANTED IN PART;

2. Within forty-five days of the date of service of this order, Plaintiff shall make a further response to defendant Flippo's interrogatory number two[1] and produce the documents requested in defendant Flippo's first,[2] second,[3] and third[4] production requests in her second request for production of documents, to the extent that he is able. To the extent that Plaintiff is unable to answer the interrogatory or produce documents, Plaintiff shall provide defendant Flippo with a declaration, signed under penalty of perjury, detailing his efforts to obtain the requested information and documents; and

3. Defendant Flippo's request for "another forty-five days, following Dixon's service of the responsive information, in order to subpoena information from the automobile insurance carriers involved in Dixon's accident" (ECF No. 51-1, p. 4) is DENIED as moot.

---

[1] Interrogatory number two states, "[f]or each vehicle involved in your motor vehicle accident on October 25, 2013, state: (a) the name and address of the insurance company; (b) the insurance policy number; and (c) the claim number." (ECF No. 51-2, p. 14).

[2] In this request defendant Flippo requested "[a]ny and all traffic collision reports relating to your motor vehicle accident on October 25, 2013." (ECF No. 51-2, p. 20).

[3] In this request defendant Flippo requested "[a]ny and all photos of the vehicles involved in your motor vehicle accident on October 25, 2013." (ECF No. 51-2, p. 20).

[4] In this request defendant Flippo requested "[a]ny and all communications with your motor vehicle insurer(s) relating to your motor vehicle accident on October 25, 2013, including all claims, supporting documents, responses, and settlement documents." (ECF No. 51-2, p. 20).

IT IS SO ORDERED.

Dated: **October 24, 2017**  /s/ *Erin P. Grosjean*
UNITED STATES MAGISTRATE JUDGE