UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADELL M. DIXON,<br><br>    Plaintiff,<br><br>v.<br><br>M. ARMAS, et al.,<br><br>    Defendants. | Case No. 1:13-cv-00165-DAD-EPG (PC)<br><br>ORDER DENYING DEFENDANT'S SECOND MOTION TO COMPEL AND GRANTING DEFENDANTS' REQUEST FOR ADDITIONAL TIME TO SERVE SUBPOENA<br><br>(ECF NOS. 60 & 68) |

### I. BACKGROUND

Tradell M. Dixon ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. The case now proceeds on Plaintiff's First Amended Complaint, which was filed on January 14, 2015. (ECF No. 9). After screening Plaintiff's First Amended Complaint, the Court found that Plaintiff stated a cognizable claim against Defendant Armas for failure to protect Plaintiff and against Defendants Flippo and Triesch for inadequate medical care in violation of the Eighth Amendment, but stated no other cognizable claim. (ECF Nos. 12, 15, & 18).

On September 22, 2017, defendant Flippo filed a motion to compel Plaintiff's discovery responses. (ECF No. 51). Plaintiff did not file an opposition to the motion. The Court granted

1

motion in part, and ordered Plaintiff to make further responses and produce additional documents. (ECF No. 59).

On December 22, 2017, defendant Flippo filed another motion to compel. (ECF No. 60). According to the second motion to compel, while Plaintiff did provide further responses, he disobeyed the Court's order on the first motion to compel. Defendant Flippo asks that Plaintiff be ordered to serve further responses and produce additional documents. Defendant Flippo also moves for an order awarding her costs and attorney's fees in bringing this motion.

On January 24, 2018, the Court held a hearing on the second motion to compel. The Court ordered Plaintiff to file a supplemental response to the Court's order entered on October 25, 2017. (ECF No. 62). On March 1, 2018, Plaintiff filed his supplemental responses. (ECF No. 63). On March 19, 2018, Defendants filed their response to Plaintiff's supplemental responses. (ECF No. 68).

Defendant Flippo's second motion to compel is now before the Court.

## II. APPLICABLE LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Furthermore, discoverable information "need not be admissible in evidence." Id.

Under Federal Rule of Civil Procedure 34(a), any party may serve on any other party a request within the scope of Federal Rule of Civil Procedure 26(b) to produce and permit the party making the request to inspect and copy any designated documents which are in the possession, custody, or control of the party upon whom the request is served. Fed. R. Civ. P. 34(a)(1)(A). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D. Nev. 1998) (alteration in original) (quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D. Nev. 1991)). "A party that has a legal right

to obtain certain documents is deemed to have control of the documents." Clark, 81 F.R.D. at 472. Under Federal Rule of Civil Procedure 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2).

Pursuant to Federal Rule of Civil Procedure 33(a), an interrogatory may relate to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b), and "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact…." Fed. R. Civ. P. 33(a)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath," Fed. R. Civ. P. 33(b)(3). If a responding party does object, "[t]he grounds for objecting… must be stated with specificity." Fed. R. Civ. P. 33(b)(4). "The responding party shall use common sense and reason in its responses…." Johnson v. Cate, No. 1:10-CV-02348-LJO, 2014 WL 1419816, at *2 (E.D. Cal. Apr. 14, 2014). A party answering interrogatories "cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control." Essex Builders Group, Inc. v. Amerisure Insurance Co., 230 F.R.D. 682, 685 (M.D. Fla. 2005) (quoting Continental Illinois Nat'l Bank & Trust Co. v. Caton, 136 F.R.D. 682, 684 (D.Kan.1991)). "In general, a responding party is not required 'to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made.'" Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013) (quoting Haney v. Saldana, No. 1:04-CV-05935AWI SMS, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010)). "If a party cannot furnish details, he should say so under oath, say why and set forth the efforts he used to obtain the information. He cannot plead ignorance to information that is from sources within his control." Milner v. Nat'l Sch. of Health Tech., 73 F.R.D. 628, 632 (E.D. Pa. 1977). "However, where the answer states that no record exists, the court cannot compel the impossible. Therefore, a sworn answer indicating a lack of knowledge and no means of obtaining knowledge is not objectionable." Id. at 632-33 (internal citations omitted). The responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response…." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

### III. DEFENDANT FLIPPO'S MOTION TO COMPEL

According to Defendants' response to Plaintiff's supplemental discovery responses, "Dixon's responses now comply with most of the requests…." (ECF No. 68, p. 1). While Plaintiff "still has not produced any communications between himself and the other driver's insurance company, any claim documents to that insurance company, or any settlement documents, despite his acknowledgement at the discovery conference held on January 24, 2018, that a settlement occurred," (Id. at pgs. 2-3), there is no indication that such documents are in fact in Plaintiff's possession, custody, or control. There are thus no additional documents or information to compel.

Plaintiff has stated that he attempted to get written communications between himself and his insurance company, but that such communications do not exist, (ECF No. 63, p. 2), and there is no indication that Plaintiff ever directly communicated with the other driver's insurance company. Plaintiff also stated that he does not possess any settlement documents, because he saw no need to keep them once the case was closed. (Id.).[1] In addition, Plaintiff provided a declaration that details his attempts to get information related to the car accident and subsequent settlement. (Id. at 66-67).

---

[1] The Court notes that these appear to be the same responses Plaintiff gave after the Court granted defendant Flippo's first motion to compel. (ECF No. 60-2, pgs. 5-6).

4

As it appears that Plaintiff has provided defendant Flippo with all of the documents he has in his possession, custody, or control, there is nothing for the Court to compel Plaintiff to produce. While Defendants are correct that Plaintiff did not detail any attempts to get information from Pro-Century Insurance, Defendants have not shown that Plaintiff has a right to get documents from Pro-Century Insurance, and it is not at all clear that he has such a right (at the time of the accident, Pro-Century Insurance was not Plaintiff's insurance provider). Plaintiff has conducted a reasonable search and produced documents and information located as a result of that search. The Court does not find that documents in the possession of Pro-Century Insurance are within Plaintiff's possession, custody or control.

As to the request for monetary sanctions, the request will be denied. While it was not immediate, it appears that Plaintiff has responded to all discovery requests and produced all relevant documents that were in his possession, custody, or control. Given that Plaintiff is proceeding *pro se* and *in forma pauperis*, and given that it appears that Plaintiff attempted to properly respond to the discovery requests, the Court will not order monetary sanctions against him simply because he did not immediately response without the need for a motion to compel.

As to evidentiary sanctions, Defendants have asserted that "Evidentiary sanctions [] are not helpful." (ECF No. 68, p. 3). Accordingly, the Court will not order evidentiary sanctions.[2]

### IV. DEFENDANTS' REQUEST FOR ADDITIONAL TIME TO SERVE SUBPOENA

As Plaintiff did not provide Defendants with written communications between himself and Pro-Century Insurance, or with the settlement documents, Defendants request that they be given additional time to subpoena documents from Pro-Century Insurance.

Because it appears that this information is relevant, and that the information is not within Plaintiff's possession, custody, or control, the Court finds good cause to grant this request. Moreover, Defendants have been diligent in seeking this information in light of their multiple motions to compel this information from Plaintiff.

---

[2] Defendants are not precluded from filing a motion in limine or similar evidentiary motion to prevent Plaintiff from introducing evidence at trial of his injuries from after the car accident for reasons other than a failure to respond to discovery.

## V. ORDER

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant Flippo's motion to compel and for sanctions is DENIED; and
2. Defendants' request to subpoena records from Pro-Century Insurance is GRANTED. Defendants may subpoena records from Pro-Century Insurance concerning Plaintiff's motor vehicle accident on October 25, 2013, and file any motion to compel compliance with the subpoena, if necessary, within sixty days of the date of this order.

IT IS SO ORDERED.

Dated: **March 20, 2018**         /s/ Erin P. Groy
                                                  UNITED STATES MAGISTRATE JUDGE