UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADELL M. DIXON,<br><br>    Plaintiff,<br><br>v.<br><br>M. ARMAS, et al.,<br><br>    Defendants. | Case No. 1:13-cv-00165-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF NO. 64) |

## I. BACKGROUND

Tradell M. Dixon ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. The case now proceeds on Plaintiff's First Amended Complaint, which was filed on January 14, 2015. (ECF No. 9). After screening Plaintiff's First Amended Complaint, the Court found that Plaintiff stated a cognizable claim against Defendant Armas for failure to protect Plaintiff and against Defendants Flippo and Triesch for inadequate medical care in violation of the Eighth Amendment, but stated no other cognizable claim. (ECF Nos. 12, 15, & 18).

On March 8, 2018, Plaintiff filed a motion to compel defendant Armas to provide further discovery responses. (ECF No. 64). On March 19, 2018, defendant Armas filed his opposition to

the motion. (ECF No. 67). Plaintiff's motion to compel is now before the Court.

## II. APPLICABLE LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Furthermore, discoverable information "need not be admissible in evidence." Id.

Pursuant to Federal Rule of Civil Procedure 33(a), an interrogatory may relate to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b), and "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact…." Fed. R. Civ. P. 33(a)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath," Fed. R. Civ. P. 33(b)(3). If a responding party does object, "[t]he grounds for objecting… must be stated with specificity." Fed. R. Civ. P. 33(b)(4). "The responding party shall use common sense and reason in its responses…." Johnson v. Cate, No. 1:10-CV-02348-LJO, 2014 WL 1419816, at *2 (E.D. Cal. Apr. 14, 2014). A party answering interrogatories "cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control." Essex Builders Group, Inc. v. Amerisure Insurance Co., 230 F.R.D. 682, 685 (M.D. Fla. 2005) (quoting Continental Illinois Nat'l Bank & Trust Co. v. Caton, 136 F.R.D. 682, 684 (D.Kan.1991)). "In general, a responding party is not required 'to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made.'" Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013) (quoting Haney v. Saldana, No. 1:04-CV-05935AWI SMS, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010)). "If a party cannot furnish details, he should say so under oath, say why and set forth the efforts he used to obtain the information. He cannot plead ignorance to information that is from sources within his control." Milner v. Nat'l Sch. of Health Tech., 73 F.R.D. 628, 632 (E.D. Pa. 1977). "However, where the

answer states that no record exists, the court cannot compel the impossible. Therefore, a sworn answer indicating a lack of knowledge and no means of obtaining knowledge is not objectionable." Id. at 632-33 (internal citations omitted). The responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response…." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

### III.  PLAINTIFF'S MOTION TO COMPEL

The deadline for filing motions to compel was December 27, 2017. (ECF No. 58, p. 3). Plaintiff filed his motion on March 8, 2018. Plaintiff has not shown diligence in pursuing this information in the time provided by the schedule. Accordingly, Plaintiff's motion did not comply with the Court's Scheduling Order and will be denied for that reason.

While Plaintiff requests additional time to file his motion, Plaintiff has not provided good cause for relief from the deadline. According to Plaintiff, he needs more time because defendant Armas was added to the discovery process after the other defendants. (ECF No. 64, pgs. 1-2). While Plaintiff is correct, the Court already provided for additional time for discovery by and regarding defendant Armas. (ECF No. 58). Plaintiff has not provided any explanation as to why this additional time was not sufficient. The Court also held a discovery and status conference on January 24, 2018, and Plaintiff did not mention needing additional time for discovery.

While the Court could deny the motion on this basis alone, the Court has also reviewed

the discovery requests underlying the motion to compel, and will also deny Plaintiff's motion because Plaintiff has not shown that further responses should be compelled. Plaintiff asks that defendant Armas be ordered to provide further responses to Plaintiff's interrogatories 1-9, 11-13, and 15. (ECF No. 64, p. 32). However, the Court has reviewed Defendant's objections and has found his objections to be valid and his responses to be legally adequate. (ECF No. 64, pgs. 19-31; ECF No. 67). As defendant Armas points out, some of Plaintiff's requests are not relevant to this case (such as interrogatory 8). Others interrogatories are vague (such as interrogatories 3, 4, and 9). Additionally, defendant Armas responded adequately to a good portion of the interrogatories (such as interrogatories 5, 6, 7, 12, 13, & 15).[1] While Plaintiff seems to disagree with the answers Defendant has given, it does not appear that Defendant Armas is withholding discoverable information.

**IV. ORDER**

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to compel Defendant's discovery responses is DENIED.

IT IS SO ORDERED.

Dated: **March 20, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[1] In his motion to compel, Plaintiff attempts to unilaterally change some of his interrogatories. (ECF No. 64, p. 6). The Court notes that Plaintiff is not allowed to change his interrogatories in this manner.